[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The defendant having applied for a confidentiality order in connection with the disclosure of personnel information concerning employees other than the plaintiff in the above-captioned, and the parties having been unable to agree on either the scope or the substance of such an order, the court enters the following order, which is meant to permit preparation for trial while limiting unwarranted disclosure of personnel information and opinions of persons consulted by the defendant in connection with tenure decisions.
1. The defendant may designate as "Confidential" any document or item furnished to the plaintiff in compliance with discovery motions or requests which the defendant consulted or relied upon in the decision to grant or not grant tenure to any employee of the defendant, including such information relating to the CT Page 3860 plaintiff himself
2. Deposition transcripts, summaries, briefs, or other documents or records that contain the contents of or a reference to the information contained in "Confidential" documents may also be marked "Confidential."
3. Subject to the provisions below, Confidential information may be shown, or its contents disclosed, only to the following persons and not to anyone else:
(a) the parties to this case;
 (b) counsel of record to, and in house counsel for, the parties to this action and the paralegal, clerical and secretarial staff employed by such counsel;
 (c) any expert, investigator or consultant retained by counsel in connection with this case;
 (d) the Court before which this case is pending, including a jury at the time of trial; and
 (e) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.
4. Information, designated "Confidential" or any information derived therefrom, shall be used or disclosed by any person who has had access to it solely for the purpose of assisting counsel of record in connection with this litigation and shall not be disclosed for any other litigation, competitive business, publication, letters of recommendation or any other purpose whatsoever.
5. The inadvertent production of any Confidential document, material or other information without a "Confidential" designation, or the inadvertent production of any document, material or other information subject to a claim of protection from discovery under the attorney-client, attorney-work product, or any other privilege or discovery exemption, shall not be deemed to be a waiver of any claim of privilege or other protection with respect to that or any other document, material or information. In the event that any document or material that is subject to a claim that it is Confidential, privileged, or CT Page 3861 protected from discovery on any other ground is inadvertently produced, the party who received the inadvertently produced document or material shall return it and all copies of it to the producing party within three (3) days after it receives written notice from the producing party that the document or material was inadvertently produced. In the case of Confidential documents that were inadvertently produced without the appropriate designation but that were otherwise intended to be produced, the producing party shall return to the party to whom the documents or materials were inadvertently produced copies of the documents and materials containing the appropriate designation within three (3) days of receipt of the returned documents or materials.
6. If documents, materials or information (including portions of deposition transcripts) designated as "Confidential" are to be included in any papers to be filed in Court, counsel filing such documents shall file with such documents, and serve on all parties, a notice that the documents are, or are claimed to be, subject to this Order, identifying this Order by date. Such papers shall be filed in a sealed envelope bearing a label which contains the case caption, including docket number, the title of the paper being filed, and a legend that reads: "CONFIDENTIAL."
7. The plaintiff may, upon due notice to the defendant, seek relief from or modification of this order or challenge the designation of particular documents or items as "Confidential" but shall not disclose such information other than in accordance with paragraph 4 above unless and until such modification is granted.
8. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential information, and will continue to be bound by the terms of this Order with respect to any such information.
9. Violation of this order may lead to the imposition of CT Page 3862 sanctions, including but not limited to an order precluding the violator from making any use at trial of the document, item, or information disclosed in violation of this order.
10. Production of all documents previously ordered disclosed shall be disclosed, subject to this order, within four days of receipt of this order. The terms of this order are in lieu of the redactions proposed by the defendant.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT